UNITED STATES DISTRICT COURT FOR

THE NORTHERN DISTRICT OF ALABAMA

NORTHERN DIVIISION

| | | |
|---|---|---|
| **WALTER FORD,** | ) | |
| | ) | Case No:5:24 - |
| | ) | |
| | ) | CV-00658-MHH |
| **Plaintiff** | ) | |
| v. | ) | |
| | ) | |
| **CITY OF HUNTSVILLE, et. Al** | ) | |
| **Defendants** | ) | |

**MOTION TO STAY - UNOPPOSED**

Comes now the Plaintiff Walter Ford, through his undersigned attorney, and requests that a temporary stay be issued in the case until the completion of a suppression issue in the criminal case against him[1] based upon the following:

## Argument

The court issued an initial order on August 2, 2024. The parties have met and conferred regarding the Rule 26f planning reports meeting and have formulated an agreed upon template. This meeting included a brief discussion about a possible stay regarding a pending criminal case. After that meeting the undersigned and co-counsel discussed potential pitfalls with going forward with discovery while the criminal case is still pending. The undersigned conferred with the Defendants and they do not oppose a conditional stay in this case. The Plaintiffs at this point would ask for a 60 day stay conditional upon the outcome of a suppression hearing.

The Court issued a Rule 26(f) Order (SEE DOCUMENT 13) for the parties to confer and develop a proposed discovery plan but requiring the plaintiff to provide Rule 26(a)(1) initial disclosures identifying knowledgeable individuals or supportive documents of his case could contravene Ford's Fifth Amendment

---

[1] State of Alabama v Walter Ford - Madison County CC 2024 172 - The Defendant has been indicted and there is a motion to suppress and discovery docketed but no ruling has been issued.

privilege against self-incrimination. As stated, the parties met and drafted a plan and believe this plan can be plugged in at any time once it is determined that a stay is no longer needed. In fact the undersigned believes that a ruling on this motion to suppress may allow this case to move along at a quicker pace because it will provide discovery and may short circuit the needs for some of the anticipated requests and depositions. In this particular case, the undersigned is simply asking for a ruling on a suppression hearing in order to determine if a further stay is warranted. In this particular case, the Defendant is contending that a suppression is in order because any statements made were in violation of his right against self-incrimination based on failure to issue *Miranda* warnings.

Furthermore, it would be difficult for the parties to develop a meaningful discovery plan without the entire criminal investigation which undoubtedly will provide a comprehensive investigation and probably eliminate or curtail the scope of discovery once the criminal investigation is produced. *E.g. Prosper v. Martin*, 239 F. Supp. 3d 1347, 1349 (S.D. Fla. 2017) ("Proceeding with discovery while an investigation remains open but inaccessible to the parties makes it impossible for the Court to enter a meaningful scheduling order.").

"[A] District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "[T]he power to stay proceedings is incidental to the power inherent in every court

to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 S.Ct.163, 81 L.Ed. 153 (1936).

Criminal discovery is way more stringent than civil discovery and therefore any civil discovery could prejudice the criminal proceedings. A court should stay a civil proceeding pending resolution of a related criminal proceeding when special circumstances warrant in the interest of justice. *United States v. Lot 5, Fox Grove, Alachua Cty., Fla.*, 23 F.3d 359, 364 (11th Cir. 1994) (citing *United States v. Kordel*, 397 U.S. 1, 12 & n.27 (1970)). To determine whether "special circumstances" exist, courts consider six factors in balancing the interests of the parties, the courts, and the public:

(1) the extent to which the issues in the criminal case overlap with those presented in the civil case;
(2) the status of the case, including whether the defendants have been indicted;
(3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay;
(4) the private interests of and burden on the defendants;

(5) the interests of the courts;and

(6) the public interest.

See *Doe 1 v. City of Demopolis*, No. CIV A 09-0329-WS-N, 2009 WL 2059311, at *3 (S.D. Ala. July 10, 2009as well as *Abrams v. Tuberville*, No. 3:12-cv-MHT, 2013 WL 842710, at *3 (M.D. Ala. March 6, 2013). A court should balance the competing considerations and make an individual inquiry tailored to the particular circumstances of each case. *Id.*; s*ee also Volmar Distributors, Inc. v. New York Post Co., Inc.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993) ("Balancing these factors is a case-by-case determination, with the basic goal being to avoid prejudice.")

    Lastly, the interests of efficiency and conservation of scarce judicial resources weigh in favor of allowing the criminal investigation and case to run its course before the parties embark on time consuming and expensive discovery that in all likelihood will have to be duplicated once the criminal matter is concluded. *E.g., Prosper v. Martin*, 239 F. Supp. 3d 1347, 1349 (S.D. Fla. 2017) (§ 1983 wrongful death case temporarily stayed where the investigative file about the incident was privileged and the parties could not complete discovery during the pendency of the state criminal investigation); *Young v. Miami-Dade Cty.*, 217 F. Supp. 3d 1353 (S.D. Fla. 2016) (temporary stay granted while state attorney general investigated an alleged assault of a county inmate)

Furthermore , "so long as a stay is neither 'immoderate' nor indefinite, a stay is appropriate in the interest of judicial convenience." *Evanston Ins. Co. v. Poma Constr. Corp.* (Civil Action No. 18-21116-Civ-Scola (S.D. Fla. Sep. 7, 2018) (quoting *Ortega Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F.3d 1262 (11th Cir. 2000).  Plaintiff is simply asking for a stay of 60 days to evaluate the criminal case timeline and when a ruling on the suppression motion may be filed or heard at the State trial court and how that outcome affects this case.

Respectfully submitted this the 19th Day of August, 2024,

/s/ Martin Weinberg

WEI-035

Attorney for Plaintiff

PO Box 154 Shannon, AL. 35142

Phone 205-785-5575

attorneyweinberg@bellsouth.net

/

/s  Richard Rice

Attorney for Plaintiff

The Rice Firm LLC

115 Richard Arrington Jr. Blvd. N.

Birmingham, AL. 35203

205-618-8733

rrice@rice-lawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of August, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Attorneys for the Defendants Greg Burgess and Stephanie Hall

LANIER FORD SHAVER & PAYNE P.C.

Post Office Box 2087 (35804)

 2101 West Clinton Avenue, Suite 102

Huntsville, Alabama 35805

 Telephone Number: (256) 535-1100

Facsimile Number: (256) 533-9322

Email: smh@lanierford.com